## In re ABOUDARA.

(District Court, N. D. California, First Division. July 3, 1917.)

No. 10502.

BANKRUPTCY &226—CONCLUSIVENESS OF REFEREE'S FINDING.

Petitioner, in order to enable the bankrupt to continue in business, guaranteed payment to the seller of property in the possession of the bankrupt under a contract of conditional sale reserving title to the seller. Thereafter an adjudication in bankruptcy was had, and petitioner induced the seller to present a claim for reclamation of the property. The claim was defeated on the ground that the seller by accepting the guarantee of payment waived its right to reclaim the property. *Held*, that such adjudication did not, despite the rule that a matter once adjudicated may not thereafter be litigated, amount to an adjudication precluding a claim by a petitioner to retake the property on the theory that it had been subrogated to the rights of the seller.

In Bankruptcy. In the matter of the bankruptcy of S. Aboudara. Petition by the Eng-Skell Company to review an order of the referee denying petitioner's claim to retake property. Order of referee reversed.

Hiram E. Casey, of San Francisco, Cal., for claimant.
Wallace & Politzer, of San Francisco, Cal., for trustee.

DOOLING, District Judge. S. Aboudara held certain property under a contract of conditional sale, the title remaining in the seller M. Getz & Co. The seller was pressing Aboudara for payment, and Eng-Skell Company in order to enable him to continue in business guaranteed payment to M. Getz & Co. Thereafter Aboudara was adjudicated a bankrupt, and M. Getz & Co., at the instance of Eng-Skell Company, presented in the bankruptcy proceedings a claim in reclamation for the property in question. This claim was prepared by Eng-Skell Company, and was opposed by the trustee on the ground that M. Getz & Co. had waived its right to reclaim the property by accepting the guarantee of payment from Eng-Skell Company. This ground was sustained by the referee, and the claim of M. Getz & Co. was denied. Eng-Skell Company had notice of all these proceedings. Thereafter Eng-Skell Company presented its own claim for the property, basing it upon its right to be subrogated to the rights which M. Getz & Co. had at the time the guaranty was made. It also based it upon other grounds not tenable. The trustee opposed this claim also, and the referee denied it on the ground that the matters in issue had been theretofore adjudicated upon the claim of M. Getz & Co. A review is sought of the order denying the claim of Eng-Skell Company.

It is true that a matter once adjudicated may not be litigated again, and generally true that, not only all matters actually decided are held to have been adjudicated, but also all matters belonging to the subject of controversy, and properly within the issues which might have been raised and determined. But here the very reason for the decision in favor of the trustee and against the claim of M. Getz & Co. was

&For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that Eng-Skell Company had guaranteed payment. The right of Eng-Skell Company to the property by subrogation could not be determined under the claim made by M. Getz & Co. The most that can be said is that Eng-Skell Company mistook its remedy, when instead of making a claim in its own right, which it could maintain, it procured a claim to be made by M. Getz & Co. which was foredoomed to defeat. I am of the opinion that such mistake on the part of Eng-Skell Company does not bar it from properly asserting a valuable and apparently unquestionable right.

The order of the referee is reversed.